| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>ANGEL DIAZ,<br><br>Petitioner,<br><br>-against-<br><br>STACIE BENNETT, Acting Supt. of, Sullivan Correctional Facility, Sub nom,<br><br>Respondent. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 12/28/2022<br><br>99 Civ. 1085 (AT) (RWL)<br><br>**ORDER ADOPTING<br>REPORT AND<br>RECOMMENDATION** |

ANALISA TORRES, District Judge:

In December 1998, Petitioner *pro se*, Angel Diaz, filed a petition for habeas corpus. R&R at 2 & n.1, ECF No. 34. On April 13, 2001, the late Honorable Deborah A. Batts denied the petition,[1] ECF No. 16, and judgment was entered on April 16, 2001 (the "2001 Judgment"), ECF No. 17. After two unsuccessful appeals of the 2001 Judgment, ECF Nos. 20–21, on June 24, 2022, Diaz moved for relief from a final judgment or order under Federal Rule of Civil Procedure 60, ECF No. 22. On August 26, 2022, Diaz filed a letter in further support of his motion. ECF No. 25. On September 13, 2022, the case was reassigned to the undersigned. Dkt. Entry 9/13/2022. On September 14, 2022, the Court referred the motion to the Honorable Robert W. Lehrburger for a report and recommendation. ECF No. 26.

Before the Court are: (1) Judge Lehrburger's Report and Recommendation (the "R&R"), dated October 25, 2022, which recommends that Diaz's motion be denied, R&R; and (2) Judge Lehrburger's Amended Report and Recommendation (the "Amended R&R"), dated November 11, 2022, which "address[es] an additional submission from [Diaz] at [ECF No.] 25, although it does

---

[1] Judge Batts adopted the report and recommendation of the Honorable James C. Francis IV dated March 6, 2001. ECF No. 13.

not change the outcome [of the R&R,]"[2] Am. R&R at 1 n.1 (together, the "R&Rs").[3]  On November 7, 2022, Diaz filed objections to the R&R.  *See* Pet'r Obj. R&R, ECF No. 35.  On December 1, 2022, Diaz filed objections to the Amended R&R.  *See* Pet'r Obj. Am. R&R, ECF No. 37.  For the reasons stated below, the Court OVERRULES Diaz's objections to the R&Rs, ADOPTS the R&Rs' conclusions, and DISMISSES Diaz's motion.[4,5]

## DISCUSSION[6]

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3).  However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error.  *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immig. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review.").  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[2] Because the R&Rs are nearly identical, the Court shall specifically refer to the Amended R&R where it differs from the R&R.  The Court shall do the same with Diaz's objections to the R&Rs.
[3] Judge Lehrburger "determined that [he] ha[d] sufficient information on which to render th[e R&R] without a response from Respondent."  R&R at 4; Am. R&R at 4; *see also* ECF No. 33.
[4] Diaz's requests for an evidentiary hearing, Pet'r Obj. R&R at 7, Pet'r Obj. Am. R&R at 5, are DENIED.
[5] Diaz's request that the Court "hold the current matter in abeyance so that [he] can exhaust the merits of his [pending N.Y. C.P.L. § 440.10 motion in Supreme Court, Bronx County]," Pet'r Obj. Am. R&R at 4, is DENIED.
[6] The Court presumes familiarity with the facts and procedural history as detailed in the R&Rs, *see* R&R at 1–4, Am. R&R at 1–4, and, therefore, does not summarize them here.

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citation omitted). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II.  Diaz's Objections

Diaz argues that the R&Rs erred in concluding that his motion should be denied for "failure to raise the direct appeal issues as grounds for his habeas petition," R&R at 6. Pet'r Obj. R&R at 3 (citing R&R at 2–3); *see also* Pet'r Obj. Am. R&R at 2 (citing Am. R&R at 4). Diaz contends that his failure to do so was due to clerical error. Pet'r Obj. R&R at 3–4; *see also* Pet'r Obj. Am. R&R at 2–3. The Court shall not consider new arguments raised in objections to the R&R that could have been raised before Judge Lehrburger. *Gladden*, 394 F. Supp. 3d at 480. And, even if this argument were not new, it would fail on the merits. Diaz did not just fail to "check[] [a] box," Pet'r Obj. R&R at 3, he "did not include any of the four direct appeal issues" in his petition; "affirmatively [crossed] out the blank sections [in his petition] that provided an opportunity to list any additional grounds [for his petition]"; and "did not raise . . . concern[s]" about inadvertently omitting the four direct appeal issues from his petition after receiving Respondent's opposition "or

when [Diaz] filed objections to the [report and recommendation]" of Judge Francis, R&R at 6–7. These actions are not clerical errors, *MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20 Civ. 2102, 2021 WL 3371621, at *8 (S.D.N.Y. Aug. 2, 2021), much less "extraordinary circumstances" justifying relief under Rule 60, *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (citation omitted).

Diaz's objections are otherwise conclusory and general, or restate Diaz's original arguments. *Wallace*, 2014 WL 2854631, at *1; *Pinkney*, 2008 WL 2811816, at *1. The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none. Accordingly, the Court OVERRULES Diaz's objections to the R&Rs and ADOPTS the R&Rs' conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Diaz's objections to the R&Rs, ADOPTS the R&Rs' conclusions, and DISMISSES Diaz's motion.

The Clerk of Court is directed to terminate the motion at ECF No. 22 and mail a copy of this order to Petitioner *pro se*.

SO ORDERED.

Dated: December 28, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge