```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ANGEL DIAZ,<br><br>                     Petitioner,<br><br>-against-<br><br>STACIE BENNETT, Acting Supt. of, Sullivan Correctional Facility, Sub nom,<br><br>                     Respondent. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>1/30/2023</u><br><br><br>99 Civ. 1085 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

      Petitioner *pro se*, Angel Diaz, moves for reconsideration of this Court's order dated December 28, 2022 (the "December 28 Order"), Order, ECF No. 38, which adopted the report and recommendation of the Honorable Robert W. Lehrburger dated October 25, 2022, ECF No. 34, and Judge Lehrburger's amended report and recommendation dated November 22, 2022, ECF No. 36, (together, the "R&Rs"). ECF No. 39. For the reasons stated below, Petitioner's motion for reconsideration is DENIED.[1]

      When a party appears *pro se*, the Court must construe their submissions liberally and interpret them to raise the strongest arguments that they suggest. *Triestman v. Fed. Bureau Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). However, "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp. Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and quotation marks omitted). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (quotation marks and citation omitted). Motions for reconsideration are not to be used to relitigate old issues, present new theories, secure a rehearing on the merits, or take a "second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

      Petitioner argues that the Court "mistakenly overlooked by omission, controlling matters of law and facts in his objections to [Judge Lehrburger's report and recommendation[2]], which were not considered in . . . [the R&Rs] and the [December 28 Order]." ECF No. 40 at 2. But Petitioner does not identify any new decisions that affected controlling law. Petitioner also states that "his low IQ" and errors attributable to "the inadequate legal assistant [who] drafted his habeas petition" are "exceptional circumstances." ECF No. 40 at 2; *see also* ECF No. 41 (exhibit to motion for reconsideration). Petitioner's arguments relitigate old issues—specifically, whether these allegations amount to "exceptional circumstances" justifying relief under Federal

---

[1] The Court concludes that it does not need further briefing from the parties to resolve this motion.

[2] Petitioner does not specify whether he is referring to his objections filed on November 7, 2022, ECF No. 35, or the ones filed on December 1, 2022, ECF No. 37.

Rule of Civil Procedure 60. *Analytical Survs., Inc.*, 684 F.3d at 52. The Court already determined that that is not the case here. Order at 3–4; *see also* R&Rs.

  Even if the Court construes these allegations liberally as evincing new facts warranting reconsideration, *Triestman*, 470 F.3d at 474, they do not constitute new evidence. "For evidence to be considered 'newly available,' it must be 'evidence that was truly newly discovered or could not have been found by due diligence.'" *Lima LS PLC v. Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 578 (S.D.N.Y. 2015) (citation omitted). A motion for reconsideration "is not an opportunity to 'present evidence that could have been raised prior to the entry of judgment.'" *Yang v. An Ju Home, Inc.*, No. 19 Civ. 5616, 2021 WL 1044160, at *2 (S.D.N.Y. Feb. 2, 2021) (citation omitted). Petitioner's exhibit, which appears to reflect the results of a reading comprehension examination, is dated June 2, 2021. ECF No. 41 at 3. The examination appears to have been accessed by Petitioner on that date, and the examination results were "received," perhaps by Sullivan Correctional Facility, on September 5, 1990. *Id.* The Court entered judgment in this action on December 28, 2022. This is neither new evidence, *Lima LS PLC*, 160 F. Supp. 3d at 578, nor would it alter the Court's decision in the December 28 Order, *see Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

  Moreover, Petitioner stated that he has a low "I.Q. level" in his objections to Judge Lehrburger's first report and recommendation, ECF No. 35 at 2–3, and raised his allegation of clerical error in his objections to the R&Rs, ECF Nos. 35 at 3–4; 37 at 2–3. Petitioner's attempts to take a "second bite at the apple" through reconsideration are misplaced. *Analytical Survs., Inc.*, 684 F.3d at 52.

  Because Plaintiff does not identify controlling law which the Court overlooked or new evidence, the Court determines that Petitioner has not met his burden for reconsideration. *DiLaura*, 982 F.2d at 76. Accordingly, Petitioner's motion for reconsideration is DENIED.

  The Clerk of Court is directed to terminate the motion at ECF No. 39 and mail a copy of this order to Petitioner *pro se*.

  SO ORDERED.

Dated: January 30, 2023
   New York, New York

_____
ANALISA TORRES
United States District Judge